IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL E. SELF and DAMEN OLDS,

                Plaintiffs,

v.

WILLIAM OLSON, KELSEY BATES,
EDWARD KOLBA, BRENDAN INGENTHRON,
and BRANDA MULLER,[1]

                Defendants.

ORDER

23-cv-374-wmc

---

      Plaintiffs Carl Self and Damen Olds, who are representing themselves, are proceeding on Eighth Amendment conditions of confinement claims, alleging that correctional staff at New Lisbon Correctional Institution disregarded their exposure to a clogged, flooded toilet between March 23 and 29, 2023. During briefing on defendants' motion for summary judgment, dkt. 35, which is now pending before the court, plaintiffs filed a notice informing the court that they have not received the video footage of the front and rear of the dayroom in the C-Unit from March 23-29, 2023, which they requested in their first and third requests for document production. Dkt. 54. They assert that this footage "would expose their version of events even more," particularly with respect to their claims that they spoke with each of the defendants about their clogged toilet.

      Discovery-related documents submitted by the parties show that defendants stated the following in response to plaintiffs' first request for production on September 11, 2024, and second request for production on November 1, 2024:

---

[1] The court has revised the caption to add defendants' first names and correct the spelling of their surnames.

> Counsel for Defendants OBJECTS to this request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the claims in this case. Subject to said objection, the C Unit hallway video from March 25, 2023 through March 27, 2023 has been preserved and contains 48 hours of footage. Due to the length of the video, counsel for Defendants request that Plaintiffs specify which time periods that they would like to view. Defendants counsel will then arrange for the litigation coordinator to prepare that portion, and Plaintiffs may request a time to view it.
>
> Dkt. 44-12, at ¶ 5; dkt. 56-1, at 7.

In addition, defendants' November response added the following paragraph:

> The Institution has located additional video from March 23, 2023 to March 25, 2023 and is in the process of producing the video to our office. Due to the length of the video, it will take a few business days to prepare the video for production. Due to the length of the video, counsel for Defendants request that Plaintiffs specify which time periods that they would like to view. Defendants counsel will then arrange for the litigation coordinator to prepare that portion, and Plaintiffs may request a time to view it.
>
> Dkt. 56-1, at 7.

Defense counsel avers that plaintiffs have not contacted him to narrow the scope of the footage or request assistance with viewing it. Although plaintiffs contend that they made multiple requests for video footage depicting the dayroom from March 23-29, 2023, they do not make clear whether they ever identified for defense counsel which specific hours of the 48 hours of footage is relevant to their claims. Instead, they maintain that they never received any footage from the litigation coordinator and that the video footage of the hallway in the C-Unit is irrelevant because what they need is the video footage of the front and back of the C-Unit dayroom. Plaintiffs say they discussed the incorrect footage in a letter dated September 18, 2024, but never received a response. *See* dkt. 44-13. Plaintiffs further assert that it is now

2

too late for defendants to provide the footage because defendants' motion for summary judgment is fully briefed.

Without more information, it is not possible for the court to know if the hallway video footage offered by defendants is actually the dayroom footage that plaintiffs requested, whether the footage has discernable audio, what plaintiffs believe the footage contains that will support their contention that defendants knew about their clogged and flooded toilet, and what specific hours of the six-day footage should be isolated for plaintiffs' viewing.

Accordingly, IT IS ORDERED that the parties have until January 24, 2025, to provide the following information to the court:

1. Defendants shall inform the court whether the video footage they have in their possession has audio as well as video and whether it is from the cameras located at the front and back of the dayroom on the C-Unit, as plaintiffs requested.

2. Plaintiffs shall describe for the court what specific incidents—including dates, approximate times, and the defendant(s) involved—they believe the video footage will depict and how those incidents support their contention that the named defendants consciously disregarded a risk to their health and safety.

Entered January 7, 2025.

                                                BY THE COURT:

                                                /s/
                                                _____

                                                ANITA MARIE BOOR
                                                Magistrate Judge