IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL F. SELF and DAMEN OLDS,

    Plaintiff,

v.

KELSEY BATES and EDWARD KOLBA,

    Defendants.

OPINION and ORDER

23-cv-374-wmc

---

    Plaintiffs Carl Self and Damen Olds, who are representing themselves, are proceeding to trial on their claim that defendants Kelsey Bates and Edward Kolba, correctional officers at New Lisbon Correctional Institution, disregarded their exposure to a clogged, flooded toilet between March 23 and 29, 2023, in violation of the Eighth Amendment.  A jury trial is set for May 19, 2025, with a Zoom video final pretrial conference ("FPTC") on May 15, 2025, at 3:30 p.m., and an in-person FPTC on May 19, 2025, at 8:30 a.m.  This order addresses the parties' motions in limine ("MIL") and objections to witnesses.  The court's proposed voir dire, introductory and closing jury instructions, and special verdict form for liability are attached.  During the final pretrial conference, the court will hear additional comments, questions and argument regarding defendants' motion for sanctions, the court's MIL and witness objection rulings, and the court's proposed voir dire, jury instructions, and special verdict, as well as discuss exhibits and witnesses, review trial logistics, and address any housekeeping issues the parties may wish to raise.  As to exhibits in particular, both sides are to submit hard copies of their exhibits or electronic copies in box.com *before* the May 15 FPTC.

1

OPINION

**A. Plaintiffs' Omnibus Motion in Limine (dkt. #89)**

    **1. Precluding reference to the criminal history of plaintiffs (MIL #1) and their witnesses (MIL #2)**

Plaintiffs seek to preclude defendants from referring to their or any incarcerated witness's criminal history, conviction, misdemeanor, or felony, arguing such references would be prejudicial, misleading, and irrelevant. Defendants object to both motions, citing the Seventh Circuit's Pattern Jury Instruction 1.15 regarding the impeachment of witnesses, which instructs that the jury may consider evidence of a criminal conviction but "only in deciding whether [the witness's] testimony is truthful in whole, in part, or not at all," and not "for any other purpose." More specifically, unless unduly prejudicial, evidence of previous convictions may be admitted for the limited purpose of impeaching a witness's character for truthfulness in a civil case if: (1) the offense was punishable by imprisonment for more than one year; and (2) *no more* than 10 years have passed since the conviction or the witness's release from confinement for it, whichever is older. Fed. R. Evid. 609(a)(1), (b). Finally, a prior conviction for which the witness has been released from confinement *more* than 10 years ago is not admissible unless: (1) its probative value substantially outweighs its prejudicial effect; and (2) reasonable, written notice of the intent to use it has been provided in advance to the opposing party. *Id*.

Defendants have not yet identified what convictions, if any, they intend to use for purposes of impeaching plaintiffs or any anticipated, incarcerated witnesses. In the absence

2

of advance written notice, therefore, defendants will be limited to evidence of the date of convictions or release from a sentence that is less than 10 years old.  In addition, as is this court's general practice, defendants are entitled to ask plaintiffs to confirm the *number* of their qualifying felony convictions, since details regarding the nature of those offenses may have little probative value and are likely to be unfairly prejudicial.  That detailed information will only be allowed to impeach in the unlikely event that plaintiffs were to deny the correct number of their felony convictions.[1]  As for other witnesses, the court's approach will be the same, but it will need a proffer outside the jury's presence unless the witness denies his or her felony convictions.  Accordingly, plaintiffs' MIL ##1 and 2 are RESERVED, pending identification of specific convictions, a proffer by defendants, or further discussion during the FPTC.

2. **Precluding reference to other lawsuits brought by plaintiffs against the Department of Corrections ("DOC") or its current or former employees – MIL #3**

Plaintiffs seek to preclude reference to any other lawsuits they have brought against DOC or its current or former employees, arguing that this information is irrelevant, unfairly prejudicial, and would lead to confusion.  Defendants do not object to this motion to the extent that the court *also* precludes plaintiffs from referring to any other lawsuits against DOC or its current or former employees, or to the details of other legal proceedings, inmate

---

[1] The parties are instructed to meet and confer on the correct number for each plaintiff in advance of the May 15 FPTC.  Failing agreement, the court will address the number at that conference.

3

complaints, or accusations involving defendants, except those related to plaintiffs' claims in this case. With that understanding, this motion is GRANTED as unopposed.

### 3. Precluding reference to plaintiffs as criminals (MIL #4), or inmates, prisoners, or PIOC (MIL #5)

Plaintiffs seek to preclude defendants from referring to them as "criminals," "inmates," "prisoners," or "PIOC" on the grounds that those terms are prejudicial to plaintiffs and irrelevant to their claims.[2] While defendants agree not to refer to plaintiffs as criminals, they argue that the terms inmate, prisoner, and PIOC are factual terms that are regularly used by the courts and litigants. The court agrees that using these general terms is not unduly prejudicial to plaintiffs, who after all were incarcerated at all times relevant to this lawsuit, which directly involves the conditions of their confinement in prison. Therefore MIL #4 is GRANTED as unopposed, and MIL #5 is DENIED with some clarification. While the fact of plaintiffs' incarceration and status as inmates is central to plaintiffs' Eighth Amendment claims, defendants and their witnesses shall make every effort to refer to plaintiffs and any incarcerated witnesses by their given name in front of the jury. Reference to plaintiffs' and witnesses' criminal history, if any, is further limited as set forth above in conjunction with plaintiffs' MIL ##1 and 2.

---

[2] DOC defines PIOC as "persons in our care." *See* https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/WisconsinCorrectionalCenterSystem.aspx (accessed on May 6, 2025).

### B. Defendants' Omnibus Motion in Limine (dkt. #85)[3]

#### 1. Precluding reference to this court's summary judgment decision or claims previously dismissed by the court -- MIL #1

Defendants seek to preclude any reference to, evidence of, or argument about this court's summary judgment decision, particularly any claims that the court dismissed. Plaintiffs oppose the motion, arguing that the summary judgment decision is relevant and provides necessary background information for the jury. However, the court's order is decidedly *not* evidence. Therefore, this motion is GRANTED with this clarification: neither party may discuss claims that were dismissed earlier in this case or make arguments inconsistent with those rulings.

#### 2. Precluding reference to any other lawsuits against DOC or any other current or former DOC employee -- MIL #2

Defendants seek to preclude any argument, questions, testimony, or evidence regarding the details of lawsuits relating to DOC or any non-defendant DOC employee or former employee as improper, and unfairly prejudicial, character evidence. While plaintiffs have yet to identify any specific lawsuit they intend to reference, they nevertheless posit that "[e]vidence of other lawsuits can help establish a pattern of conduct by the defendants, which is crucial for proving" their claims. (Dkt. #99, at 2.) However, Fed. R. of Evid. 404(b)(1) explicitly provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with th[at] character."

---

[3] While plaintiffs filed their opposition to defendants' motion six days late, the court has considered it.

Instead, evidence of other lawsuits or bad acts is inadmissible unless it meets the Seventh Circuit's four-part test:

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount of evidence for the fact finder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610-11 (7th Cir. 2011); *see also* Rule 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Here, plaintiffs have not identified any other lawsuits nor a permissible purpose for their admission. Therefore, this motion is GRANTED, but may be reconsidered should plaintiffs make a specific proffer at the FPTC.

3. **Precluding reference to the details of other legal proceedings, inmate complaints, or accusations involving defendants, except those from plaintiffs related to the claims in this case -- MIL #3**

Defendants seek to preclude plaintiffs from questioning them at trial about the existence or details of other legal cases, inmate complaints, or the contents of their personnel files unrelated to the present case. Even if other litigation may be marginally relevant, they argue that any probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time, and should be excluded under Rules 403 and 404(b). In the absence of any proffer by plaintiffs, the court agrees for the same reasons addressed immediately above in conjunction with defendants' MIL #2. Accordingly, this

motion is GRANTED, but may be reconsidered should plaintiffs make a specific proffer at the FPTC.

### 4. Precluding reference to permanent injury, future care and treatment, or future pain and suffering -- MIL #4

Defendants seek to preclude plaintiffs from presenting testimony or argument that they suffered a *permanent* injury or require *future* care and treatment as a result of the conditions of their confinement between March 23 and 29, 2023, because plaintiffs have not disclosed an expert who will offer an opinion on those issues. *See* Fed. R. Evid. 701 (Lay witness only may offer testimony that is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge."). Plaintiffs oppose the motion, arguing that expert evidence is unnecessary to provide the jury with an understanding of the extent of their injuries and its likely long-term impact.

When an injury and its cause are clearly connected in some obvious way such that common experiences and observations explain the relationship, expert testimony is not required. *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) (holding that a prisoner could testify that a guard "beat him up and that it hurt really bad"). However, "when there is no obvious origin to any injury and it has multiple etiologies, expert testimony is necessary to establish causation." *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010). In such cases, "Rule 701 does not permit a lay witness to offer opinions about medical causation." *Crawford v. Davis*, 597 F. Supp. 3d 1243, 1245 (S.D. Ill. 2022). Still, where emotional pain and suffering are concerned, a plaintiff can testify about his own "perceptions of his physical and mental health during the relevant time period," just not about a medical diagnosis or treatment involving a complex mental health

7

issue, which requires expert testimony. *Martinez v. Aerovias de Mexico, S.A. de C.V.*, No. 19 C 00118, 2023 WL 5748358, at *4 (N.D. Ill. Sept. 6, 2023) (citing *Saccameno v. Ocwen Loan Servicing, LLC*, No. 15 C 1164, 2018 WL 10609875, at *2 (N.D. Ill. March 20, 2018)).

In accordance with the above standard, defendants' motion is GRANTED IN PART and RESERVED IN PART, with some clarification. Plaintiffs may offer their own testimony about their perceptions of their physical and mental health before, during and after the relevant time period, provided that this testimony does not exceed lay opinion under Federal Rule of Evidence 701, which would likely include any testimony as to the permanency of any injury. Whether or not admitted testimony would be sufficient for plaintiffs to argue for or a reasonable jury to award longer term damages is something plaintiffs will want to address *before* closing arguments. Otherwise, such causation claims are excluded.

C. **Objections to Witnesses**

1. **Plaintiffs' Objection**

Plaintiffs object to the testimony of Cydney Selje, the records supervisor at New Lisbon, as irrelevant because she lacks personal knowledge of the conditions of confinement experienced by plaintiffs. (Dkt. #100.) While plaintiffs are correct that this witness is unlikely to have witnessed any of the events in this case firsthand, she may be called to authenticate records identified on defendants' witness list. Thus, the motion is DENIED, but may be reconsidered should defendants seek to have Selje testify about

8

matters not within her personal knowledge *or* plaintiffs were willing to stipulate to the authenticity of records in lieu of Selje's testimony.

### 2. Defendants' Objections

Defendants raise relevance, foundation, hearsay, and cumulative testimony objections to the testimony of incarcerated witnesses Michael Miller, Matthew Stechauner, Marcus Causey (*see* dkt. #107, at 2-3), and presumably, Bradley Sewell, for whom plaintiffs filed a writ of habeas corpus ad testificandum (*see* dkt. #103) but did not list in their Rule 26 designations. They argue that it is unclear what testimony these witnesses would provide that the plaintiffs cannot provide themselves or obtain through cross-examination of the defendants. Defendants further argue that Stechauner and Causey are unqualified to testify about the topics plaintiffs identify, including medical treatment plaintiffs received and the nature and impact of the conditions of confinement at New Lisbon.

Defendants raise good points, but the court will RESERVE ruling on whether any of these witnesses may testify at trial and, if so, whether they should appear by zoom, until hearing from the parties at the FPTC on May 15, 2025.

ORDER

IT IS ORDERED that:

1. The motions in limine filed by plaintiffs Carl Self and Damen Olds (dkt. #89) are GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as set forth above.

2. The motions in limine filed by defendants Kelsey Bates and Edward Kobba (dkt. #85) are GRANTED IN PART, DENIED IN PART and RESERVED IN PART as set forth above.

3.  Plaintiffs' objection to proposed defense witness Cydney Selje (dkt. #100) is DENIED as set forth above.

4.  Defendants' objections to plaintiffs' proposed witnesses (dkt. #107, at 2-3) are RESERVED as set forth above.

Entered this 7th day of May, 2025.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            WILLIAM M. CONLEY
                                            District Judge